IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JERRY LEE DAFT, JR.,

        Plaintiff,

v.                                                                                                         Civil Action No. 3:17-CV-58

NANCY A. BERRYHILL,
Deputy Commissioner for Operations,
Social Security Administration

        Defendant.

**REPORT AND RECOMMENDATION**

**I.    SUMMARY**

The Plaintiff advances two arguments, neither of which the Court finds persuasive. Therefore, the Court recommends that the Plaintiff's [ECF No. 10] Motion for Summary Judgment be denied and the Commissioner's [ECF No. 14] Motion for Summary Judgment be granted.

First, the Plaintiff argues that the Administrative Law Judge ("ALJ") erred in failing to adequately consider whether Plaintiff was disabled at the time of his alleged onset date. Yet, the ALJ expressly states why he does not feel a finding of disability at the Plaintiff's alleged onset date is appropriate. Additionally, the ALJ was not required to make such a finding.

Second, the Plaintiff argues that the ALJ failed to adequately explain his reasoning in determining that Plaintiff did not meet or medically equal any of the applicable listed impairments. However, the ALJ discussed thoroughly the listings he thought Plaintiff came the closest to meeting, and discussed the relevant medical evidence in detail, fulfilling his obligations under step three of the sequential evaluation process.

## II. PROCEDURAL HISTORY

On June 25, 2013, the Plaintiff, Jerry Lee Daft, Jr., filed a Title II application for disability insurance benefits (DIB) and a Title XVI application for Supplemental Security Income (SSI). R. 24. The Plaintiff's applications alleged a disability beginning May 30, 2013. R. 24. The Plaintiff's applications were denied on November 15, 2013, and again upon reconsideration on February 14, 2014. R. 24. Thereafter, the Plaintiff filed a request for a hearing on April 10, 2014. R. 24. The Plaintiff, represented by Attorney Ross Miltner, appeared and testified at a hearing in Morgantown, West Virginia on October 28, 2015. R. 24. A vocational expert ("VE") also testified. R. 24. On November 12, 2015, the ALJ issued an unfavorable decision. R. 21. The Appeals Council denied Plaintiff's request for review of the ALJ's findings on January 18, 2017. R. 5.

On May 12, 2017, Plaintiff filed a complaint in this Court to obtain judicial review of the decision of the Commissioner of Social Security denying his application. ECF No. 1.

## III. THE ALJ'S FINDINGS

In determining whether the Plaintiff was disabled, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520; 416.920. The first step in the process is determining whether a claimant is currently engaged in substantial gainful activity. *Id.* §§ 404.1520(b); 416.920(b). If the claimant is not engaging in substantial gainful activity, then the second step requires the ALJ to determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that are severe. *Id.* §§ 404.1520(c); 416.920(c). If the claimant has a severe impairment or combination of impairments, then the analysis moves to the third step in the sequence, which requires the ALJ to determine whether the claimant's impairment or combination of impairments meets or equals any of the

impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listings). *Id.* §§ 404.1520(d); 416.920(d). If an impairment meets or equals a listed impairment, the claimant is disabled. *Id.* §§ 404.1520(d); 416.920(d). However, if the impairment does not meet or equal a listed impairment, the ALJ must determine the claimant's residual functional capacity ("RFC"), which is the claimant's ability to do physical and mental work activities on a sustained basis despite the limitations of his impairments. *Id.* §§ 404.1520(e); 416.920(e).

After determining the claimant's RFC, the ALJ must determine, at step four, whether the claimant has the RFC to perform the requirements of his past relevant work. *Id.* §§ 404.1520(f); 416.920(f). If the claimant does not have the RFC to do his past relevant work, then she has established a *prima facie* case of disability, and the burden shifts to the Commissioner to demonstrate, at the final step in the process, that other work exists in significant numbers in the national economy that the claimant can do, given the claimant's RFC, age, education, and work experiences. *Id.* §§ 404.1520(g); 416.920(g); *see also McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983).

At step one of the sequential process, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since May 30, 2013, the alleged onset date. R. 27. At step two, the ALJ found that the Plaintiff had the following severe impairments: cervical degenerative disc disease with stenosis with chronic neck pain, lumbosacral degenerative disc disease with chronic back pain, reflex sympathetic dystrophy and carpal tunnel syndrome, fibromyalgia, chronic obstructive pulmonary disease, obesity, osteoarthritis, history of gastritis, post-traumatic stress disorder, and depression. R. 27. At the third step, the ALJ found that none of the Plaintiff's impairments or any combination of his impairments met or medically equaled the severity of one

of the impairments contained in the listings. R. 27. The ALJ then determined that the Plaintiff had the RFC:

> [T]o perform sedentary work, as defined in 20 CFR 404.1567(a) and 416.967(a) that involves lifting up to 10 pounds occasionally, standing/walking for up to 2 hours, and sitting for up to 6 hours in an 8 hour workday with normal breaks and the following additional limitations: an allowance to alternate sitting or standing positions for up to 2 minutes, at 30 minute intervals without going off task; no more than occasional postural movements, except for no climbing of ladders, ropes, and scaffolds; no repetitive rotation, flexion, or extension of the neck; no more than frequent left reaching but no bilateral overhead reaching; no more than frequent handling of objects (gross manipulation) and able to use the left hand to guide and assist the right hand; no more than frequent left fingering (fine manipulation) of items no smaller than the size of a paper clip; avoidance of all exposure to cold and heat and wetness and humidity; avoidance of concentrated exposure to excessive vibration, to irritants such as fume/odors/dust/poorly ventilated areas and chemicals; avoidance of all exposure to unprotected heights, hazardous machinery, and commercial driving; limited to simple, routine, and repetitive tasks, requiring only simple decisions with no fast paced production requirements and few work place changes; no interaction with the public; and no more than occasional interaction with co-workers, and supervisors.

R. 29-30. At step four, the ALJ determined that the Plaintiff had no past relevant work. R. 37. At step five, the ALJ determined that, "[c]onsidering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform." R. 37. Thus, the ALJ found that the Plaintiff was not disabled. R. 38.

## IV. LEGAL STANDARDS

### A. Summary Judgment

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The party seeking summary judgment bears the initial burden of showing the absence of any issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). All

inferences must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

### B.     Judicial Review

This Court's review of the ALJ's decision is limited to determining whether the decision is supported by "substantial evidence." 42 U.S.C. §§ 405(g);1383(c)(3). The ALJ's decision must be upheld if it is supported by substantial evidence. *Id*. "Substantial evidence" is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). The decision before the Court is "not whether the Claimant is disabled, but whether the ALJ's finding of no disability is supported by substantial evidence." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (citing *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 2001)).

An ALJ's findings "as to any fact, if supported by substantial evidence, shall be conclusive." *Walls v. Barnhart*, 296 F. 3d 287, 290 (4th Cir. 2002) (quoting 42 U.S.C. § 405(g)). Moreover, judicial review "of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Id.* (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Preston v. Heckler*, 769 F.2d 988, 990 (4th Cir. 1985)). In reviewing the case to determine whether substantial evidence exists, this Court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Id. (quoting Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001)).

## V. DISCUSSION

The Plaintiff advances two arguments. First, that the ALJ failed to properly consider whether the Plaintiff was disabled from his alleged onset date. Second, that the ALJ failed at step three of the sequential process to adequately analyze whether the Plaintiff met or medically equaled certain specific listed impairments. The Court is not persuaded by either argument.

### A. No Conclusion was Needed With Respect to Plaintiff's Alleged Onset Date

The Plaintiff argues that the ALJ erred in not making an express determination about whether or not Plaintiff was disabled at the time of the alleged onset date. The entirety of this argument is predicated on Plaintiff's assertion that the ALJ "offered [Plaintiff] a favorable disability finding in exchange for [Plaintiff's] acceptance of an amended onset date." ECF No. 11 at 6. This is a misinterpretation of statements made by the ALJ. Accordingly, the ALJ was not required to determine whether the Plaintiff was disabled at an earlier date, including the alleged onset date.

During Plaintiff's hearing in front of the ALJ, the ALJ offered to allow the Plaintiff to amend his alleged onset date. R. 67-68. The ALJ was clear that he was making this offer because, after hearing testimony, he felt the evidence pointed strongly towards a finding that Plaintiff was not disabled using the alleged onset date originally provided by the Plaintiff, which was May 30, 2013. *Id*. The ALJ stated that the evidence "simply just doesn't bear out disability, objectively, that he was disabled as of then." R. 68. The ALJ asked the Plaintiff and his counsel to consider moving up the onset date to February 14, 2014. The Plaintiff, upon advice of counsel, declined. R. 69. The ALJ said "fair enough", and resumed questioning the vocational expert. *Id*. Plaintiff's counsel later laid out why they declined to change the onset date. R. 73-74. The ALJ advises them that he will carefully review all the evidence again and issue a written

finding. R. 74-75. At no point does the ALJ state that if the Plaintiff agrees to move the onset date, the ALJ will agree to find him disabled. Thus, the Plaintiff assertion that "the ALJ abandoned his finding of disability entirely" because Plaintiff would not agree to change the onset date is misleading. The ALJ never made a finding of disability, nor said that he would. As diplomatically as possible, the ALJ was suggesting to the Plaintiff and his counsel that changing the alleged onset date would increase the chances of Plaintiff being granted benefits since the ALJ felt the evidence simply did not support a finding of disability using the May 30, 2013 alleged onset date.

The other flaw in the Plaintiff's argument is the assertion that the ALJ was required to determine whether Plaintiff was disabled at an earlier point in the relevant period. To support this argument, Plaintiff cites Social Security Ruling (SSR) 83-20. SSR 83-20 says that "in addition to determining that an individual is disabled, the decision maker must also establish the onset date of disability." This is because under a Title II claim, which Plaintiff had "the earlier the onset date is set, the longer is the period of disability and the greater the protection received." *Id*. The Ruling makes it clear that finding an onset date is only necessary when there is a finding of disability. If, as here, the ALJ makes a determination that the applicant is not currently disabled, there is no point in determining if he was at some point in the past and what date the past disability started.

Once it is established that the ALJ did not need to make a determination about whether Plaintiff was disabled at the time of his alleged onset date, the only way Plaintiff's argument is valid is if the ALJ's decision is not supported by substantial evidence. 42 U.S.C. §§ 405(g);1383(c)(3). As discussed in more detail below, the Court finds that the ALJ's decision was supported by substantial evidence. Therefore, the Plaintiff's argument is without merit.

### B.     The ALJ's Analysis at Step Three of the Sequential Process was Adequate

Next, the Plaintiff argues that the ALJ's analysis was inadequate in that it "did not identify any of the [l]istings she considered, did not discuss the medical evidence of record, and made a conclusory statement that the findings did not meet the [l]isting criteria." ECF No. 11 at 10. The Court will discuss each of these three statements.

Substantial evidence is not a "large or considerable amount of evidence, but rather 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Pierce v. Underwood*, 487 U.S. 552, 664-65 (1988) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971).

First, the Plaintiff argues that the ALJ did not identify any of the listings considered. ECF No. 11 at 10. This is simply inaccurate. The ALJ specifically stated that he had "appropriately evaluated medical and other evidence pertaining to the claimant's medically determinable impairments in conjunction with all relevant [l]istings, including the criteria contained within the *1.00 Musculoskeletal System, 3.00 Respiratory System, 5.00 Digestive System, 11.00 Neurological, and 12.00 Mental Disorders* [l]isting of [i]mpairments." R. 27. The ALJ also states that "[t]he severity of the claimant's mental impairments, considered singly and in combination, do not meet or medically equal the criteria of listings 12.04 and 12.06." The fact that the ALJ identified the listings considered in beyond dispute.

Second, the Plaintiff says the ALJ did not discuss the medical evidence of record. ECF No. 11 at 10. The ALJ spent over six pages of his written opinion doing exactly that. R. 30-36. The ALJ starts off by discussing the Plaintiff's testimony from the hearing, then goes into the treatment sought by Plaintiff during the relevant period. R. 31. The ALJ notes that Plaintiff's testimony about the severity of his mental impairments, which Plaintiff opines are his most

8

severe impairments, is not consistent with the treatment during the relevant period. *Id*. The ALJ even goes as far as to say that even though "the objective evidence detracts from the severity of the claimant's allegations", the ALJ has "given the claimant the benefit of the doubt" in crafting the Plaintiff's RFC. R. 32. The ALJ further states that though the objective evidence does not support limitations to the extent the Plaintiff alleged, the RFC "more than fully accommodates" Plaintiff's limitations. *Id*.

The next several pages of the ALJ's opinion delve into the medical evidence, discussing the evaluations and findings made by each facility and doctor very thoroughly, and indicating after each that he accounted for the findings in the Plaintiff's RFC. R. 30-36. The ALJ focuses most of the analysis on the mental impairments of the Plaintiff. This is appropriate because the Plaintiff identified these impairments as his most severe. Also, contrary to Plaintiff's assertion, the ALJ does discuss Plaintiff's fibromyalgia, pointing out that the standard and widely accepted test for fibromyalgia, performed on Plaintiff by a qualified medial practitioner, found that Plaintiff fell well below the standard which would have diagnosed the Plaintiff with fibromyalgia. R. 36. The ALJ goes on to state that despite this, he has again given the Plaintiff the benefit of the doubt and make accommodations in the Plaintiff's RFC. *Id*.

Lastly, the Plaintiff says that ALJ makes only conclusory statements that the findings do not meet a listing. ECF No. 11 at 10. It is true that the ALJ does not discuss much medical evidence that would point to a finding of disability. From the Court's review of the evidence, that seems to be because no such evidence was presented. The vast majority of the evidence relied on by Plaintiff is his testimony. There simply does not appear to be much in the way of objective testing that would support a finding of disability that the ALJ could have discussed.

The medical evidence on the whole in this case is limited in comparison to most other cases. Additionally, what evidence there is mostly weights against the Plaintiff's position. See *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001) ("The specified reasons of the ALJ properly considered the absence of clinically documented medical evidence"). Therefore, the Court finds that the ALJ's decision was well reasoned and was supported by substantial evidence.

## VI. RECOMMENDATION

Based on the foregoing, the Court concludes that the ALJ's decision complied with the applicable law and regulations. Accordingly, the Court **RECOMMENDS THAT**:

1. Plaintiff's [ECF Nos. 10] Motion for Summary Judgment be **DENIED**; and

2. Commissioner's [ECF No. 14] Motion for Summary Judgment be **GRANTED**.

Any party who appears *pro se* and any counsel of record, as applicable, may, within fourteen days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.

A copy of such objections should be submitted to the District Court Judge of Record. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to provide a copy of this Report and Recommendation to parties who appear *pro se* and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: April 18, 2018                                      */s/ James E. Seibert*
                                                                                          JAMES E. SEIBERT
                                                                                          U.S. MAGISTRATE JUDGE