**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**JERRY LEE DAFT, JR.,**

    Plaintiff,

v.                                             **CIVIL ACTION NO.: 3:17-CV-58
(GROH)**

**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge James E. Seibert [ECF No. 16], filed on April 18, 2018. In his R&R, Magistrate Judge Seibert finds that the ALJ's decision is supported by substantial evidence. Accordingly, he recommends that the Court grant the Defendant's Motion for Summary Judgment [ECF No. 14] and deny the Plaintiff's Motion for Summary Judgement [ECF No. 10].

### I. Background

Jerry Lee Daft, Jr. ("Plaintiff") filed an application for disability insurance benefits and supplemental security income on June 25, 2013. The applications were initially denied on November 15, 2013, and again upon reconsideration on February 14, 2014. Thereafter, the Plaintiff requested a hearing, which was held before an Administrative Law Judge ("ALJ") on October 28, 2015. On November 12, 2015, the ALJ issued his decision that the Plaintiff was not disabled. The Appeals Council denied the Plaintiff's request for review on January 18, 2017, and the Plaintiff timely filed his complaint in this Court on May 12, 2017. On September 18, 2017, the Plaintiff filed his motion for summary

judgment. ECF No. 10. The Commissioner filed her motion for summary judgement on November 15, 2017. ECF No. 14. Having reviewed the parties' briefs, Magistrate Judge Seibert entered his R&R on April 18, 2018. ECF No. 16.

## II. Standards of Review

### A. Review of the R&R

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the R&R to which objection is made. However, failure to file objections permits the district court to review the R&R under the standard that it believes to be appropriate, and if parties do not object to an issue, the parties' right to *de novo* review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Additionally, if the Plaintiff's objections simply "reiterate[] the same arguments made by the objecting party in [her] original papers submitted to the magistrate judge . . . the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review." Taylor v. Astrue, 32 F. Supp. 3d 253, 260 (N.D.N.Y. 2012). Therefore, the Court will conduct a *de novo* review of those portions of the R&R to which a party makes new objections and will review the remaining portions of the R&R for clear error.

### B. Review of the ALJ's Decision

The Social Security Act limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390 (1971), and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The phrase "supported by substantial evidence" means "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion." See Perales, 402 U.S. at 401 (citing Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).

A reviewing court must not re-weigh the evidence or substitute its judgment for that of the Commissioner, so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456. Ultimately, it is the duty of the ALJ reviewing a case, not the responsibility of the Court, to make findings of fact and to resolve conflicts in the evidence. King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This Court does not find facts or try the case *de novo* when reviewing disability determinations."); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion.").

**C. Evaluation Process**

To determine whether a claimant is disabled, the ALJ conducts a five-step evaluation process. 20 C.F.R. § 404.1520(a)(4). If the ALJ finds the claimant is not disabled at a certain step, the ALJ does not proceed to the next step. Id.

At step one, the ALJ must determine whether the claimant is engaging in substantial gainful activity. Next, the ALJ determines whether the claimant has a severe impairment. Then, the ALJ determines whether the claimant has a listed impairment (20 C.F.R. Part 404, Subpart P, Appendix 1) and conducts a Residual Functional Capacity ("RFC") assessment. At step four, the ALJ considers the RFC assessment to determine whether the claimant can perform past relevant work. Finally, at step five the ALJ considers the RFC assessment, age, education, and work experience to determine whether the claimant can perform any other work. See Davidson v. Astrue, Civil Action

3

No. 2:11-CV-55, 2012 WL 667296, at *3 (N.D. W. Va. Feb. 28, 2012) (citing 20 C.F.R. § 404.1520(a)(4)).

Here, under the five-step process, the ALJ found the Plaintiff was not disabled because the Plaintiff can perform jobs that exist in significant numbers in the national economy. R. 37.

### III. Discussion

Pursuant to Magistrate Judge Seibert's R&R, as well as 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 6, objections were due within fourteen plus three days after entry of the R&R. The Plaintiff timely filed objections [ECF No. 17] and the Defendant filed a response to the objections [ECF No. 18]. Accordingly, this Court will review any portion of the R&R to which the Plaintiff objects *de novo*. The Court will review the remainder of the R&R for clear error.

In this matter, Magistrate Judge Seibert found that the ALJ's decision is supported by substantial evidence. ECF No. 16 at 1. Specifically, Magistrate Judge Seibert found that the ALJ did not err in failing to make an express determination about whether or not Plaintiff was disabled at the time of the alleged onset date. Id. Magistrate Judge Seibert further determined that the ALJ adequately explained why the Plaintiff did not meet or medically equal any of the applicable listed impairments. Id. Accordingly, Magistrate Judge Seibert concluded that there is sufficient evidence to support the ALJ's determination that the Plaintiff is not disabled. ECF No. 16 at 10.

The Plaintiff's first objection to the R&R is that Magistrate Judge Seibert failed to apply the Fourth Circuit directive in Bird v. Commissioner of Social Security Administration, 699 F.3d 337 (4th Cir. 2012), which requires the ALJ to determine the Plaintiff's actual disability onset date when the ALJ's on-the-record attempt to resolve the

4

case by consent is unsuccessful. ECF No. 22 at 1. In support of that objection, the Plaintiff argues that the ALJ's statements on the record indicate that the he intended to find the Plaintiff disabled after February 14, 2014, if the Plaintiff was willing to amend his onset date and forfeit his Title II claim.

However, as addressed in Magistrate Judge Seibert's R&R, the Plaintiff "misinterpret[s] statements made by the ALJ." ECF No. 16 at 6. <u>Bird</u> only requires that the ALJ determine the onset date when the ALJ determines that the claimant is disabled but that the onset date is ambiguous. <u>Bird</u>, 699 F.3d at 345. In this case, "[t]he ALJ never made a finding of disability, nor said that he would." ECF No. 16 at 7. Accordingly, this objection is without merit and is hereby **OVERRULED**.

Next, the Plaintiff argues that Magistrate Judge Seibert erred in affirming the ALJ's step three analysis by reweighing the evidence to reach his own legal conclusions. ECF No. 17 at 4. In support, the Plaintiff points one sentence in the R&R which states, "[i]t is true that the ALJ does not discuss much medical evidence that would point to a finding of disability[,] [but] [f]rom the Court's review of the evidence, that seems to be because no such evidence was presented." ECF No. 16 at 9. The Plaintiff uses this statement to argue that Magistrate Judge Seibert embarked on "a fact-finding expedition to discern whether the ALJ's ultimate conclusion can be supported by the record." <u>Id.</u> at 5.

However, the Plaintiff ignores the remainder of the R&R which explicitly addresses the ALJ's step three analysis. Magistrate Judge Seibert states that the ALJ "evaluated medical and other evidence pertaining to the claimant's medically determinable impairments in conjunction with all relevant listings, including the criteria contained within the *1.00 Musculoskeletal System, 3.00 Respiratory System, 5.00 Digestive System, 11.00*

5

*Neurological, and 12.00 Mental Disorders* listing of impairments." ECF No. 16 at 8. Additionally, the ALJ determined that the claimant's mental impairments do not meet or medically equal the criteria of listings 12.04 and 12.06. Moreover, Magistrate Judge Seibert acknowledged that the ALJ devoted over six pages of his written opinion to discussing the medical evidence of record. Accordingly, it is clear that Magistrate Judge Seibert did not "embark on a fact-finding expedition," but rather reviewed the record as a whole before finding that the ALJ's three step analysis was adequate. Therefore, this objection is without merit and is hereby **OVERRULED**.

### IV. Conclusion

Accordingly, it is the opinion of the Court that Magistrate Judge Seibert's Report and Recommendation [ECF No. 16] should be, and is, hereby **ORDERED ADOPTED**. For the reasons more fully stated in the Report and Recommendation, this Court **ORDERS** that the Plaintiff's Motion for Summary Judgment [ECF No. 10] is **DENIED** and the Defendant's Motion for Summary Judgment [ECF No. 14] is **GRANTED**.

The Court further **ORDERS** that this matter be **DISMISSED WITH PREJUDICE** and **STRICKEN** from the Court's active docket. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is **DIRECTED** to enter a separate order of judgment in favor of the Defendant.

The Clerk is further **DIRECTED** to transmit copies of this Order to all counsel of record herein.

It is so **ORDERED**.

**DATED**: May 24, 2018

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE